**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**GREGORY SELDEN**
1904 Cedar Street #413
Richmond, VA 23223

    **Plaintiff**, Individually and on          Civil Action: 1:16-cv-00933
    **Behalf of all Others Similarly Situated,**

v.

**AIRBNB, INC.**
888 Brannan Street, 4th floor
San Francisco, CA 94197

    **Defendant.**

---

## COMPLAINT

Plaintiff Gregory Selden, individually, and on behalf of all others similarly situated, by and through his counsel Emejuru & Nyombi L.L.C, brings this action against Airbnb., Inc. ("Airbnb"), and states as follows:

### CLASS ACTION ALLEGATIONS

1. Plaintiff maintains that pursuant to FRCP 23, the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class.

2. This action is necessary to protect the civil rights of Plaintiff and all others similarly situated who have been injured by the pertinent discriminatory acts or

practices committed by Airbnb's host agents, representatives, servants of any type.

3. This action is necessary and increasingly important to protect the civil rights of Plaintiff's and all others similarly situated that participate in the "sharing economy" in which businesses connect people offering goods and services with other people who want to pay for them.

4. The reason for not joining all potential class members as Plaintiffs is that upon information and belief, there are thousands of potential plaintiff's making it impractical to bring them before the Court. All plaintiffs participate in the sharing economy, including that of Defendant Airbnb, its agents, representatives, employees, and/or servants. The discriminatory actions complained of were taken in the line and scope of such individuals' employment, agency or representation.

5. There are many persons (approximately in the thousands), both in Plaintiff's residential district and in regions surrounding Defendant who are similarly situated that have been affected and the question to be determined is one of common and general interest to many persons constituting the Class to which Plaintiff belongs and the group is so numerous as to make it impracticable to bring them all before the Court, for which reason Plaintiff initiates this litigation for all persons similarly situated pursuant to FRCP 23.

6. Issues and questions of law and fact common to the members of the class predominate over questions affecting individual members and the claims of Plaintiff's are typical of the claims of the proposed class. Issues and questions of law and fact include allegations made upon information and belief of Violation of

Title II of the Civil Rights Act of 1964, Violation of Federal Civil Rights Statute 42 U.S.C. § 1981, Violation of Fair Housing Act.

7. The maintenance of this litigation as a Class Action will be superior to the other methods of adjudication in promoting the convenient administration of justice.

8. Plaintiff Gregory Selden will fairly and adequately assert and protect the interests of the Class.

## JURISDICTION

9. Personal jurisdiction exists over Defendant as it does business and has the necessary minimum contacts within the District of Columbia. The defendant has purposely availed itself of the privilege of conducting activities with in the District of Columbia and invokes the benefits and protection of the laws of the District of Columbia.

10. Subject matter jurisdiction exists through diversity jurisdiction pursuant to 28.U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

11. Federal Question jurisdiction exists because this lawsuit is brought under federal laws pursuant to 28 U.S.C. §1331

## VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides and conducts business in this judicial district and have their principal offices in this judicial district.

2. Further venue is also proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Mr. Selden made the application for accommodation with Defendant while physically present in the District of Columbia.

## PARTIES

1. Plaintiff Gregory Selden is a current resident of Virginia.

2. Defendant Airbnb Inc. (hereinafter "Airbnb") is a duly registered business incorporated in the State of California and with its principal offices located at 888 Brannan Street, 4th Floor, San Francisco, CA 94197.

## FACTUAL ALLEGATIONS

1. Plaintiff Gregory Selden is a 25 year-old African American [black] male. At the time of the allegations set forth herein, Mr. Seldon was physically present in Washington DC.

2. In or around March 2015, Plaintiff Gregory Selden planned a trip to go to Philadelphia, Pennsylvania with some friends for a weekend vacation. Prior to executing his trip, a friend traveling with Mr. Selden suggested that Mr. Selden use the housing accommodation service known as Airbnb.

3. The Airbnb platform is accessible through an internet portal and through a mobile application.

4. In or around March 2015, while at his job in Washington D.C., Mr. Seldon signed up for Airbnb on his mobile device through another mobile application platform,

Facebook. Subsequently, Mr. Selden used the mobile application platform to book accommodation on the Airbnb platform.

5. As a young global traveler, Mr. Selden understood that the platform was a cheaper option amongst the other competitive public accommodation operations in the United States.

6. Mr. Selden's Airbnb platform profile included his face as well as other details such as his name, education, sex, age and residential location.

7. For the first time, Mr. Selden attempted to use the online sharing platform for public accommodation in or around March 2015.

8. Airbnb agents or employees, representatives or servants are classified specifically as Airbnb "Hosts" for the web based sharing platform

9. In or around March 2015, the Defendant's Host agent's public accommodation listing included favorable dates available for Mr. Selden in Philadelphia, Pennsylvania.

10. In or around March 2015, Mr. Selden inquired about the availability of a Philadelphia, Pennsylvania accommodation from [a person listed with a Screen name Paul] an Airbnb Host agent, representative or employee. Mr. Selden sought to obtain the accommodation from the agent or employee.

11. In or about March 2015, Mr. Selden heard back from the Host agent rejecting his request for the vacation accommodation. The Host agent indicated that the accommodation was not available.

12. Soon after and on the same day he was rejected by the Airbnb agent or employee, Mr. Selden stumbled across the same listing by Paul the Airbnb agent or

employee indicating that the accommodation on the platform was still available. This is despite the fact that the Airbnb agent or employee told Mr. Selden that the accommodation was not available.

13. With the belief that he was discriminated against because of his race, Mr. Selden created two imitation Airbnb profiles in order to seek accommodation once again for the same Host agent or employee listing that previously rejected him.

14. The first imitation profile created by Selden was named "Jessie." Jessie was created with similar demographics as Selden. However, the race of the imitation profile was white. From the Host agents view, only Jessie's name, profile picture, location and how long the imitation had been a member of the Airbnb community (since March 2015) were visible.

15. The second imitation profile created by Selden was named Todd. Todd was an older white male and no education information was entered for him. Only Todd's name, profile picture, location and how long the imitation had been a member of the Airbnb community (since March 2015) were visible.

16. Selden used the two imitation profiles to request accommodations for the exact same dates and from the exact same Airbnb Host agent that rejected him.

17. Subsequently, and on the same day in March 2015, the same Airbnb Host agent that originally rejected Selden immediately accepted both of the white imitation Airbnb accounts.

18. Selden contacted Airbnb indicating to the entity that its Host agent or employee discriminated against him because he was African American, but Airbnb did not respond.

19. Subsequently, Selden confronted Paul the Airbnb Host agent regarding the discrimination. However, the Airbnb host agent merely shamed Selden for speaking out against the intentional discriminatory act. Specifically, the Host agent stated that Selden or "people like [him] were simply victimizing [himself]."

20. Defendant's host had no legitimate reason for denying Mr. Selden accommodation . Any asserted reasons were a pretext for discrimination.

21. Selden continued to contact Airbnb through March 2015. However, his cries to Airbnb would fall on deaf ear.

22. Selden took his complaint of discrimination to twitter, which spawned the viral hashtag titled "#airbnbwhileblack" thousands of retweets from individuals who experienced the exact same disparate treatment from Airbnb Host agents, representatives, servants or employees.

## COUNT 1

## VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964

23. Title II of the Civil Rights Act of 1964 explicitly prohibits discrimination in places of public accommodation, such as hotels, restaurants, movie theatres and sports arenas.

24. Airbnb is an establishment affecting interstate commerce or supported in their activities by the State as places of public accommodation and lodgings.

25. Specifically, Airbnb is an inn, hotel, motel or other establishment which provides lodging to transient guests.

26. Plaintiff Gregory Selden was denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the public

accommodation as defined in §2000a of this count because of his race as an African American. The same discriminatory actions have been unleashed on persons who are similarly situated to Plaintiffs.

27. **WHEREFORE,** for the claim of Violation of Title II of the Civil Rights Act of 1964, Plaintiff, individually, and on behalf of others prays for judgment against Defendant for all damages allowable by law, including injunctive, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## COUNT II

## VIOLATION OF FEDERAL CIVIL RIGHTS STATUTE 42 U.S.C. § 1981

28. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*

29. By the above acts, Defendant violated 42 U.S.C § 1981 by discriminating against Mr. Selden individually and others similarly situated because of his race as an African American[black].

30. Section 1981 guarantees freedom from racial discrimination in the making, enforcement performance, modification, and termination of contracts.

31. Section 1981 also guarantees enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

32. Plaintiff's use of the airbnb service for housing accommodation falls under section 1981 protection.

33. Airbnb's agent or employee refused to provide rental accommodations to Plaintiff because he was African American.

34. Airbnb's agent, representative, servant or employee Hosts purposefully and intentionally discriminated against Plaintiff because he was an African American by race. Any reasons given by Defendant's agent Airbnb host were a mere pretext for discrimination.

35. **WHEREFORE,** for the claim of violation of Federal Civil Rights Statute 42 U.S.C.§ 1981, Plaintiff, individually and on behalf of others prays for judgment against Defendant for all damages allowable by law, including injunctive relief, statutory damages, unlimited compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

### COUNT III

### VIOLATION OF FAIR HOUSING ACT

36. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

37. The Fair Housing Act prohibits discriminatory practices on the basis of race by housing agents for rental accommodation.

38. Specifically, the Airbnb agent was not truthful in disclosing information concerning the availability of housing. Any reasons given by Defendant's agent were a mere pretext for discrimination.

39. Plaintiff was the object of a misrepresentation made unlawful under the Fair Housing Act and suffered the precise injury the statute was designed to guard against.

40. **WHEREFORE,** for the claim of violation of the Fair Housing Act, Plaintiff, individually and on behalf of others prays for judgment against Defendant for all damages allowable by law, including injunctive, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Gregory Selden, and on behalf of all others prays for judgment in his favor and against Defendant Airbnb for: any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, relief pleaded in the preceding paragraphs, injunctive relief and such other and further relief as Plaintiff may be entitled to by bringing this action.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CASE**

Respectfully submitted on this 17th day of May 2016.

**EMEJURU & NYOMBI LLC**

By: */s /* Ikechukwu Emejuru
 Ikechukwu "Ike" Emejuru, Esq, Bar No. 19262
 Andrew Nyombi, Esq, MD0010
 Emejuru & Nyombi L.L.C.
 Attorneys and Counselors at Law
 8403 Colesville Road
 Suite 1100
 Silver Spring, MD 20910
 Telephone: (240) 638 – 2786
 Facsimile: 1-800-250-7923
 iemejuru@enylaw.com
 anyombi@enylaw.com

*Attorneys for Plaintiff Individually and others similarly situated*