UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY SELDEN,

      Plaintiff,

      v.

AIRBNB, INC.,

      Defendant.

Case No. 16-cv-933 (CRC)

## OPINION AND ORDER

Plaintiff Gregory Selden brought this suit against Airbnb, alleging unlawful race discrimination. On November 1, 2016, the Court issued a Memorandum Opinion and Order granting Airbnb's Motion to Compel Arbitration and staying all proceedings in the case. See Selden v. Airbnb, 16-cv-933, 2016 WL 6476934 (D.D.C. Nov. 1, 2016). The Court's decision to stay the case, rather than to dismiss it, is consistent with recent cases in this district. See id. at *9 n. 5 (collecting cases). This decision, however, precludes Selden from immediately appealing the Court's Order as a matter of right. He has thus moved to certify the Order for interlocutory appeal. In the alternative, Selden asks the Court to simply dismiss the case, thus providing a basis for appeal.

The Court may certify an order for interlocutory appeal if it finds there are "controlling question[s] of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A substantial ground for difference of opinion may be established by "a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits." APCC Servs., Inc. v. AT & T Corp., 297 F. Supp. 2d 101, 107 (D.D.C. 2003) (citing City Stores Co. v. Lerner Shops, 410 F.2d 1010, 1011 (D.C. Cir. 1969)).

This standard is demanding. See Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp., 233 F. Supp. 2d 16, 19–20 (D.D.C. 2002). "Although courts have discretion to certify an issue for interlocutory appeal, interlocutory appeals are rarely allowed." Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co., 597 F. Supp. 2d 120 (D.D.C. 2009) (internal quotations omitted). The moving party generally bears a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). And this burden is even more stringent where the Court has compelled arbitration, given the Federal Arbitration Act's ("FAA") objective of "moving the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 85–86 (2000) (internal quotations omitted); see also Adler v. Dell, Inc., 08-cv-13170, 2009 WL 646885 (Mar. 10, 2009) ("Certification [under 28 U.S.C. § 1292(b)] is unwarranted where it would frustrate the pro-arbitration tilt of the FAA, with its concomitant policy of avoiding unnecessary delays in prosecuting arbitration in part through the discouragement of immediate appellate review of orders compelling arbitration.").

The Court reiterates its conclusion that "the applicable law is *clear*: Mutual arbitration provisions in electronic contracts—so long as their existence is made reasonably known to consumers—are enforceable, in commercial disputes and discrimination cases alike." Selden, 2016 WL 6476934 at *2 (emphasis added). Selden argues that appellate guidance is needed on this issue because "the [C]ourt did not . . . cite to any authority from the D.C. Circuit with respect to the nature of electronic bargaining or online adhesion contracts." Pl.'s Mot. Certify Interlocutory Appeal ("MCIA") 5. But the Court did not cite authority from the D.C. Circuit on this issue because both parties agreed that California law governed the question of contract

formation. See Selden, 2016 WL 6476934 at *4 n. 1. And as the Court discussed extensively in its Memorandum Opinion, an electronic adhesion contract must be upheld under California law if its terms are clear and conspicuous. Id. at *4–5. Selden also claims that Judge Rakoff's recent opinion in Meyer v. Kalanick, 2016 WL 4073012 (S.D.N.Y. July 29, 2016), finding Uber's arbitration agreement invalid under California law, constitutes a conflicting decision in another circuit that warrants certification. Pl.'s MCIA 4–5. But Judge Rakoff reached a different outcome based on different facts. The Court's decision does not conflict with Meyer on any question of law. Indeed, the Court cited Meyer in discussing the appropriate legal standard to apply to Airbnb's arbitration agreement. See Selden, 2016 WL 6476934 at *5. The Court thus finds that there is not "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), on the legal issue of electronic adhesion contracting under California law.

Nor is there substantial ground for disagreement on the question of whether Selden's civil rights claims are subject to arbitration. Selden argues that "there is no clear authority offered from any higher court indicating that [his civil rights claims are] arbitrable or subject to the FAA." Pl.'s MCIA 7. Not so. The Supreme Court "has been quite specific in holding that arbitration agreements can be enforced under the FAA without contravening the polices of congressional enactments giving [individuals] specific protection against discrimination prohibited by federal law." Selden, 2016 WL 6476934 at *7 (quoting Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123 (2001)); see also Booker v. Robert Half Intern., Inc., 413 F.3d 77, 79 (D.C. Cir. 2005) (holding that agreements to arbitrate statutory claims are valid "so long as the agreement does not require the claimant to forgo the substantive rights afforded under the statute"). The Court thus finds that Selden has not met his heavy burden to justify certification of the Order for interlocutory appeal.

Alternatively, Selden requests that the Court simply "dismiss this action or provide a final order disposing of all claims to enable Plaintiff [to] proceed with an appeal." Pl.'s MCIA 9. The Federal Arbitration Act, however, likely precludes the Court from doing so. There is currently a circuit split as to "whether district courts must stay proceedings after all claims have been referred to arbitration and a stay has been requested, or whether they retain the discretion to dismiss such cases outright." Goodrich v. Adtrav Travel Mgmt., 15-cv-899, 2016 WL 4074082 at *4 n. 3 (D.D.C. 2016) (citing Katz v. Cellco Partnership, 794 F.3d 341, 344 (2d Cir. 2015)). The Courts of Appeals are evenly divided. See Katz, 794 F.3d at 345 (collecting cases). And as far as the Court is aware, the D.C. Circuit has not addressed this issue.

The Court must decline to dismiss the case. Notwithstanding the D.C. Circuit's silence on the issue, issuing a stay comports with recent practice in this district. See, e.g., Goodrich, 2016 WL 4074082; Ruiz v. Millennium Square Residential Assoc., 156 F. Supp. 3d 176, 184 (D.D.C. 2016); White v. Four Seasons Hotels and Resorts, 999 F. Supp. 2d 250, 261–62 (D.D.C. 2013). Moreover, as the Second Circuit persuasively explained in Katz, "the FAA's text, structure, and underlying policy command this result." 794 F.3d at 345. Beginning with the text, Section 3 of the FAA provides that once a district court refers a case to arbitration, it "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphasis added). The Supreme Court has been clear that a statute's use of the term "shall" will "create[ ] an obligation impervious to judicial discretion." Katz, 794 F.3d at 345 (quoting Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 27 (1998)).

The FAA's structure and policy objectives support this result as well. The Act "permits immediate appeal of orders hostile to arbitration . . . but bars appeal of interlocutory orders

4

favorable to arbitration," Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 86 (2000), "[e]xcept as otherwise provided in section 1292(b) of title 28," 9 U.S.C. § 16. This structure "is consistent with the FAA's underlying policy to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." Katz, 794 F.3d at 346 (quoting Moses H. Cone Mem'l Hosp. v Mercury Constr. Corp., 460 U.S. 1, 22 (1983)). The Court therefore finds that the FAA precludes it from granting Selden's request to dismiss the case.[1]

For the foregoing reasons, it is hereby **ORDERED** that Selden's [23] Motion for Certification of an Interlocutory Order for Immediate Appeal is **DENIED**. The proceedings in this case will remain stayed pending the outcome of arbitration. The parties are further **ORDERED** to submit a joint status report within 90 days regarding the status of arbitration proceedings.

*Christopher R. Cooper*
CHRISTOPHER R. COOPER
United States District Judge

Date: December 19, 2016

---

[1] The Court's decision today does not preclude Selden from appealing once arbitration proceedings have concluded and the Court issues an order dismissing the case. See 9 U.S.C. § 16(a) ("An appeal may be taken from . . . a final decision with respect to an arbitration that is subject to this title.").