# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**GREGORY SELDEN**

                                                    Civil Action: 1:16-cv-00933

**v.**

**AIRBNB, INC.**

      Defendant.

---

## PLAINTIFF GREGORY SELDEN'S MOTION TO VACATE ARBITRATION AWARD PURSUANT TO SECTION 10 OF THE FEDERAL ARBITRATION ACT

---

COMES NOW Plaintiff Gregory Selden, by and through his undersigned counsel of record and files this Motion to Vacate Arbitration Award Pursuant to Section 10(a)(3), (4) of the Federal Arbitration Act, and respectfully avers as follows:

### BACKGROUND OF ARBITRATION PROCEEDINGS

On May 17, 2016, Plaintiff Gregory Selden, initially filed a putative class action complaint against Airbnb, alleging that its online platform facilitates the discriminates against African American guests seeking public accommodations. (Doc. 1). On November 1, 2016, this court granted Airbnb's Motion to Compel Arbitration. (Doc. 20).[2] Followed by an appeal and petition to Supreme Court, Selden filed his demand for arbitration on October 2, 2017. (Doc. 33).

Pursuant to the Arbitration agreement, Selden filed a demand that exceeded $75,000.00 and requested a hearing. (Exhibit 1, Selden Demand for Arbitration). In arbitration, Selden the same claims pursuant to: Title II of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Fair Housing Act,

---

[2] California law governed the agreement and procedures for the arbitration. (Doc. 13-4, pg. 15)

and a Disparate Impact theory pursuant to all claims. Airbnb subsequently answered Selden's Demand. (Exhibit 2, Airbnb Answer).

AAA began processing Selden's claim on February 7, 2018. (Doc. 36). Airbnb filed an early dispositive motion to dismiss the demand, arguing that Section 230 of the Communications Decency Act barred all of Selden's claims. *Id.* (See Exhibit 3, Order Denying Motion to Dismiss) The arbitrator denied the motion to dismiss. *Id.* Within the Order, the arbitrator characterized the issues presented by Selden as "a case of first impression." *Id.*

Pursuant to Rule 21 of the AAA Consumer Rules, the Arbitrator held a Preliminary Management Hearing on November 5, 2018. (Exhibit 4, Preliminary Hearing Order). The Case Management Order allowed for an informal document exchange between the parties." *Id.* On January 25, 2019, the Arbitrator held a telephonic conference to "discuss any requests for formal discovery." *Id.*

During the conference, Selden requested formal discovery in form of interrogatories, requests for production of documents and depositions of at least two corporate witnesses from Airbnb that could testify to Selden's allegations. Selden's request for formal discovery was based in part, on the complex issues involving his claims, and the public interest of the dispute. Notwithstanding, the arbitrator rejected Selden's reasonable request for discovery and only allowed the parties to propound a mere fifteen requests for production of documents. Selden objected to the stingy discovery limitations and argued that it would be virtually impossible to prove such claims without the ability to ask <u>one question</u> (either through interrogatory or deposition) to anyone at Airbnb. (Exhibit 5, Email from Ikechukwu Emejuru)

Plaintiff designated Dr. Dan Svirsky, Ph.D., as an expert for his case in chief. Mr. Svirsky is an original author of the widely distributed 2016 Harvard University study, <u>Racial Discrimination in the Sharing Economy: Evidence from a Field Experiment</u>. (Doc. 10, SAC Exhibit 2). Airbnb also

2

designated corporate witnesses for its case in chief to discuss its photo policy. (Exhibit 6, Airbnb Witness Disclosure of Alicia Latrice and Eliza Jacobs). Once again, the arbitrator refused Selden's request to depose any witnesses in this case.

After the close of discovery, Airbnb requested and was granted leave to file summary for judgment. On May 1, 2019, Airbnb filed a motion for summary judgment. Plaintiff responded to the motion on May 10, 2019 and the arbitrator held a hearing on May 24, 2019. During the telephonic hearing, the arbitrator questioned why neither party conducted "any depositions" during discovery. (Exhibit. 7, Affidavit of Ikechukwu Emejuru). Selden's counsel emphatically reminded the arbitrator that he disallowed depositions and interrogatories during discovery. *Id.*

On May 30, 2019, the arbitrator granted Airbnb's motion for summary judgment in full. Within the Order, the arbitrator stated in part:

**"At the initial phase of this Arbitration, the Respondent was requiring a photograph of the guest as part of the reservation process. The Arbitrator found this troubling, and denied a first dispositive motion based on this requirement. Since that time, the Respondent has ended that practice….This overlay has always been in the forefront of the Arbitrator's mind as the Arbitrator negotiated the issues in this case. However, nothing presented to the Arbitrator implicates the Respondent directly other than the photograph requirement, which is now moot."**

Exhibit 8, Arbitration Award.

## **LEGAL STANDARD**

The Federal Arbitration Act provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. *Technologists, Inc. v. Mir's Ltd.*, 725 F. Supp. 2d 120, 124 (D.D.C. 2010)

Pursuant to § 9 of the FAA, any party to an arbitration may apply to a federal district court for an order confirming the award, and "the court must grant such an order unless the award is

vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9. Section 10 provides that a district court may, upon application by any party, make an order vacating an arbitration award in the following circumstances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evidence of partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a). *Id at Technologists, Inc. v. Mir's Ltd.*, 725 F. Supp. 2d 120, 124 (D.D.C. 2010).

In addition, an arbitrator's "manifest disregard of the law" can compel a court to vacate an award. *Nuyen v. Hong Thai Ly*, 74 F. Supp. 3d 474, 479 (D.D.C. 2014), citing *LaPrade v.Kidder , Peabody & Co.,* 246 F.3d 702, 706 (D.C.Cir.2001). Manifest disregard of the law "means more than error or misunderstanding with respect to the law." Consequently, to modify or vacate an award on this ground, a court must find that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case. *Id.* (citations omitted).

## ARGUMENT

**I.      The Arbitrator's Denial of Reasonable Discovery Amounts to Misconduct under FAA Section 10(a)(3) and Manifest Disregard for the Law because the Proceedings Precluded Selden from a Fundamentally Fair Hearing to Effectively Vindicate his Statutory Rights.**

The Supreme Court held that so long as an arbitration provides for "reasonable discovery" in arbitration, then a party will be less likely to suffer from prejudice. *Iskanian v. CLS Transportation*

*Los Angeles, LLC*, 173 Cal. Rptr. 3d 289 (Cal. 2014) In *Iskanian*, a wage claim case originally filed as a class action, the Supreme Court found that the parties engaged in "reasonable discovery" when "the discovery [the parties] obtained while the case was in court consisted of Iskanian's deposition and 77 pages of documents pertaining to his individual wage claim. Because the arbitration agreement itself provides for "reasonable discovery," there is no indication that CLS obtained any material information through pretrial discovery that it could not have obtained through arbitral discovery." *Iskanian v. CLS Transportation Los Angeles, LLC*, 173 Cal. Rptr. 3d 289, 308 (Cal. 2014). Indeed, the court in *Iskanian*, contemplated that both parties would have the opportunity at "reasonable discovery," which included depositions, despite the arbitral forum.

      Similarly, the D.C. Circuit in *Cole v. Burns International Security Serv.*, established "five minimum requirements for [a] lawful arbitration of claims involving statutory civil rights. *Cole v. Burns International Security Serv*, 105 F.3d 1465 (D.C. Cir. 1997). The requirements would me met so long as the arbitration, (1) provides for neutral arbitrators, (2) <u>provides for more than minimal discovery</u>, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum. *Id, citing Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991)("Obviously, Gilmer cannot be read as holding that an arbitration agreement is enforceable no matter what rights it waives or what burdens it imposes. See Gorman, 1995 U. Ill. L. Rev. at 644 ("The Supreme Court in the Gilmer case did not hold that any sort of arbitration procedure before any manner of arbitrator would be satisfactory in the adjudication of public rights.". Such a holding would be fundamentally at odds with our understanding of the rights accorded to persons protected by public statutes like the ADEA and Title VII. The beneficiaries of public statutes are entitled to the rights and protections provided by the law.").

The D.C. Circuit's minimum requirements for arbitrating statutory rights claims have long been recognized by the California Supreme Court. *See Armendariz v. Foundation Health Psychcare Services*, 24 Cal. 4th 83 (Cal. 2000)[3]("Based on *Gilmer, supra*, 500 U.S. 20, and on the basic principle of non-waivability of statutory civil rights in the workplace, the *Cole* court formulated five minimum requirements for the lawful arbitration of such rights pursuant to a mandatory employment arbitration agreement. Such an arbitration agreement is lawful if it "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum. Thus, an employee who is made to use arbitration as a condition of employment effectively may vindicate [his or her] statutory cause of action in the arbitral forum.' (*Cole, supra*, 105 F.3d at p. 1482, italics omitted.).

In the present case, the arbitrator did not provide for minimal discovery or reasonable discovery. In fact, the arbitrator provided for as little discovery as possible for Selden to vindicate his discrimination claims. Claims involving a disparate impact theory, complex fair housing and public accommodations issues.  This error constitutes misconduct so as to justify vacating an award…because it affects the rights of [Selden]…and deprived him of a fair hearing. *Fairchild Co., Inc. v. Richmond, F. P.R. Co.*, 516 F. Supp. 1305, 1314 (D.D.C. 1981), *citing Newark Stereotypers Union No. 18 v. Newark Morning Ledger Co.*,397 F.2d 594, 599 (3d Cir.), *cert. denied,* 393 U.S. 954, 89 S.Ct. 378, 21 L.Ed.2d 365 (1968).

      i.    **Grounds for misconduct exists pursuant to 9 U.S.C. § 10(a)(3) for the arbitrator's denial of written discovery and Selden's ability to take depositions for this case.**

---

[3] This court mentioned *Armendariz* in its Order to Compel Arbitration on November 1, 2016. *See Doc. 20, Selden v. Airbnb, Inc.*, Case No. 16-cv-00933 *16 (CRC) (D.D.C. Nov. 1, 2016). Further, both parties agree that California law governs the agreement and the procedures for the arbitration. (Doc.  13-4, TOC pg. 15.)

To justify vacatur on the ground of misconduct, the petitioners must demonstrate that the excluded evidence was pertinent and material to the controversy, 9 U.S.C. § 10(a)(3), and that the exclusion of the evidence deprived the petitioners of a fundamentally fair hearing, *Thian Lok Tio v. Washington Hospital Center*, 753 F. Supp. 2d 9, 12 (D.D.C. 2010) *Lessin,* 481 F.3d at 816; *see also Fairchild,* 516 F. Supp. at 1314(recognizing that evidentiary mistakes do not provide grounds for vacating an arbitration award unless they undermine the fundamental fairness of the proceedings).

Adequate discovery in arbitration is deemed "indispensable for the vindication of [civil rights] claims. *Armendariz v. Foundation Health Psychcare Services*, 24 Cal. 4th 83, 104 (Cal. 2000) Indeed, the California Supreme Court, citing the requirements in the D.C. Circuit in *Cole v. Burns,* found "the denial of adequate discovery in arbitration proceedings leads to the de facto frustration of the [claimant's] statutory rights." *Armendariz v. Foundation Health Psychcare Services*, 24 Cal. 4th 83, 104 (Cal. 2000), *citing Cole v. Burns International Security Serv*, 105 F.3d 1465, 1482-83 (D.C. Cir. 1997). Selden's grounds for misconduct are rooted within the denial of adequate discovery.

Courts have deemed a party's ability to take depositions in an arbitration critical for a Plaintiff's ability to effectively prosecute [his] statutory claims. See *Fitz v. NCR Corp.*, 118 Cal.App.4th 702, 717 (Cal. Ct. App. 2004)(finding that discrimination claims "…are often determined by the testimony of multiple percipient witnesses, as well as written information about the disputed employment practice, it will be the unusual instance where the deposition of two witnesses will be sufficient to present a case.").

All parties taking part in this arbitration were aware of the level of public interest in this case. But after years of litigation, the Arbitrator foreclosed Selden's ability to ask **one question** (either through written interrogatory or deposition) to any Airbnb designated witness during discovery. This is grounds for misconduct. This misconduct prejudiced the rights of Selden during the

arbitration proceedings. *Lessin v. Merrill Lynch Fenner*, 481 F.3d 813, 818 (D.C. Cir. 2007)( "a federal court may vacate an award only if the panel's "refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings."), *citing Hoteles Condado Beach*, 763 F.2d at 40; *see Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1490 (9th Cir.1991) (citing, e.g., *Burchell v. Marsh*, 58 U.S. (17 How.) 344, 350, 15 L.Ed. 96 (1854). This is evident when during the summary judgment teleconference with the arbitrator, he questioned why neither party took any depositions in this case. *Supra at pg. 3*. In order to prove multiple federal claims and a disparate impact theory, Selden must have been able cross examine witnesses and propound written discovery (other than Request for Production of Documents), in order to obtain material facts for his case prior to a dispositive motion being filed.

The arbitration award states that the arbitrator "found…troubling" Airbnb's mandatory photo requirement. (Exhibit 8 - Arbitration Award, pg. 1). The arbitrator, without any citation to testimony or evidence, baldly states, "Respondent has ended that practice." *Id*. But the arbitrator cites to nothing in the record that suggests Airbnb's photo policy will no longer be an issue now or in the future. Further, the award states that "currently, a guest may elect to provide a photograph, and if provided, a host cannot observe that photograph until after the reservation process is complete." The arbitrator's based this rationale on a brief filed by Airbnb's, that included a lone attachment from a press release. The attachment was not even supported with an affidavit from any Airbnb witness that could testify to the "new policy."

It is fundamentally unfair for the arbitrator to deem one of the primary issues and forms of relief in this case as "moot," without considering a scintilla of testimony from any Airbnb witness. The arbitrator refused to allow Selden the ability to cross examine any witness designated by Airbnb in order to test the credibility of its "new policy." The arbitrator refused to hear pertinent evidence about *inter alia* how the "new policy" would be implemented, what it actually to looks like from an

8

online users perspective, whether it is in fact permanent or temporary, and whether allegations of discrimination would no longer exist after implementation. Once again, this is especially troubling since Airbnb <u>disclosed witnesses</u> that were able to testify during discovery. Witnesses that could have provided material evidence for Airbnb's "profile photo policy and the development and implementation of the recently announced changes to its policies regarding photos." (Exhibit 6, Airbnb's Witness Disclosure). As a "case of first impression, the arbitrator excluded material evidence, vastly essential to the core of Selden's claims.

      **ii.**      **The arbitrator excluded and refused to consider Selden's expert witness and report as material evidence to preclude summary judgment.**

The arbitrator referenced Airbnb's requirement that African American guests use their biological names to obtain accommodations as a "non-issue." This is incredible. To underscore this element of the controversy as a "non-issue," is simply ignoring this case altogether. One of the primary reasons that this case garnered national attention was due in part, to Dr. Svirsky's 2016 Harvard University study: <u>Racial Discrimination in the Sharing Economy: Evidence from a Field Experiment</u>. (Exhibit 8, Arbitrator Award, pg. 1). The report provides statistical evidence evidencing that African American guests are disproportionately impacted by Airbnb's biological name requirement. There is no dispute that this issue is at the core of Selden's disparate impact theory. (See Doc. 1, Plf"s riginal filed Complaint).

    The expert report was evidence that should have been considered when weighing the merits of this controversy and whether injunctive relief is appropriate. However, the arbitrator did not consider the statistical analysis provided by Dr. Svirsky's 2016 expert analysis. The arbitrator conclusively found, "that there is nothing currently to enjoin," without considering that the expert report still provided testimony concerning Airbnb discrimination and the disproportionate impact against African Americans. Plaintiff's expert report clearly contained issues that are at the core of this controversy and that the arbitrator could have "enjoined" or provided relief.

### iii. The arbitrator refused to consider material evidence concerning the controversy surrounding the relationship between Airbnb and its Host.

From the outset of this litigation, Airbnb has steadfastly blamed its hosts for the discriminatory conduct on its platform. But the arbitrator refused to allow Plaintiff the ability to propound any written interrogatories or conduct depositions to get to the merits of this argument. Plaintiff was ill afforded the opportunity to discover the true relationship between Airbnb and its hosts. This is only achievable through reasonable discovery. However, the arbitrator merely relied on documents that could have been obtained through simple google search. The arbitrator did not rely on testimony from anyone at Airbnb, nor adequate discovery responses from anyone at Airbnb to make his award determination. The arbitrator excluded pertinent discovery through testimony of an Airbnb representative and interrogatories that could have provided material evidence to establish the relationship between Airbnb and its hosts.

Selden did not request a desk arbitration proceeding where both parties simply exchange documents and go back to their respective corners. Selden expected for an arbitration that would take into consideration real testimony from real representatives at Airbnb. The arbitration completely foreclosed his ability for a fundamentally fair hearing. *Fairchild Co., Inc. v. Richmond, F. P.R. Co.*, 516 F. Supp. 1305, 1314 (D.D.C. 1981).

### CONCLUSION

WHEREFORE, Plaintiff Selden, requests that this court grant this motion and vacate the arbitration award.

Respectfully submitted on this 9th day of September, 2019.

By: */s/ Ikechukwu Emejuru*
Ikechukwu Emejuru
Emejuru Law L.L.C.
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910

10

Telephone: (240) 638-2786
Facsimile: 1-800-250-7923
iemejuru@emejurulaw.com

Andrew Nyombi
KNA PEARL L.L.C.
8701 Georgia Avenue
Suite 606
Silver Spring, MD 20910
Tel.: (301) 585-1568
Facsimile: 1-800-250-7923
anyombi@knapearl.com

**Attorneys for Plaintiff Gregory Selden**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September 2019, I served the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Ellen S. Kennedy (D.C. Bar No. 461670)
ellen.kennedy@hoganlovells.com
Sean Marotta (D.C. Bar Noo. 1006494)
sean.marotta@hoganlovells.com
Kaitlin Welborn
kaitlin.welborn@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel. (202) 637-5600
Fax. (202) 637-5910


/ *s* / Ikechukwu Emejuru